The Opinion and Order below is hereby signed.

Dated: January 4, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
MAKEA R. BARTON,                   )    Case No. 05-01796
                                   )    (Chapter 7)
            Debtor.                )

OPINION AND ORDER DISAPPROVING
REAFFIRMATION AGREEMENT WITH TOYOTA FINANCIAL SERVICES
BUT ALLOWING TOYOTA FINANCIAL SERVICES TO SEND
DEBTOR MONTHLY STATEMENTS REGARDING AMOUNTS OWED ON LIEN

The debtor appeared at a hearing on this date held to address the Reaffirmation Agreement (Docket Entry No. 17) filed on November 25, 2005. The Reaffirmation Agreement has not been executed by the creditor, Toyota Financial Services, and thus is ineffective. Moreover, the reaffirmation agreement is not in the debtor's best interests as it would subject her to the risk of personal liability for a debt of approximately $19,000 that is secured by collateral worth only $10,000. The debtor, who is now free of a prepetition garnishment by another creditor, intends to mail in double payments to Toyota Financial Services this month (on approximately January 13, 2006), and each succeeding month until she has brought her payments on her car note current, and

intends to then remain current on the car note. If she does so, it is unlikely that Toyota Financial Services will repossess the car as it is better off letting the debtor implement her catch-up plan and pay the balance of the debt of $19,000 over time (with interest as provided for by the car note) instead of repossessing the car and realizing only $10,000.

More importantly, even if Toyota Financial Services were to act inconsistently with its own best interests and were to repossess the car because the debtor has not reaffirmed the debt (even though the debtor faithfully implements her catch-up plan), the debtor will be better off than if she reaffirmed the debt. Upon reaffirming the debt, the debtor would face the risk that she would be unable to stay current on the reaffirmed debt (due to illness, future unemployment, or some other cause). If that occurred for any significant period, Toyota Financial Services would repossess the car and sell it for less than its value, leaving the debtor saddled with a reaffirmed (and hence non-discharged) debt for the deficiency.

For example, if the debtor reaffirmed the debt but loses her employment today, and Toyota Financial Services repossesses the car, the debtor will obviously be better off not being saddled with a deficiency debt of approximately $9,000 (the debt of approximately $19,000 less approximately $10,000 in proceeds on a repossession sale). That $9,000 debt would interfere with her

ability to obtain a replacement car once she is re-employed.  She would be better off not having reaffirmed the debt so that she has no deficiency debt owed to Toyota.  She could then purchase a replacement car for $10,000 (once she is re-employed).  She would then owe a debt of $10,000 but own a car.

However, it is in the debtor's best interests that Toyota Financial Services be allowed to send her monthly statements regarding the payments owed on the lien obligation, and concerning her keeping the car insured for its value in favor of the creditor, as she will not be personally obligated to make the payments, and as the monthly statements will allow her to know what payments are owed in order to avoid lien enforcement against her motor vehicle based on a monetary default or issues regarding insurance.   It is accordingly

ORDERED that the Reaffirmation Agreement (Docket Entry No. 17) is DISAPPROVED.  It is further

ORDERED Toyota Financial Services (and its successors and assigns, and any entity on whose behalf it has acted) may nevertheless continue to issue monthly statements to the debtor of amounts owed by the debtor for which it (and its successors and assigns, and any entity on whose behalf it has acted) still retains a lien on the debtor's motor vehicle, and to issue statements regarding the debtor's keeping the car insured for its value in favor of the lienor, and both types of statements will

not be construed as an act to collect the debt as a personal liability of the debtor, and the automatic stay of 11 U.S.C. § 362(a) and the forthcoming discharge injunction of 11 U.S.C. § 524(a)(2) are clarified or modified to so provide and to allow such statements.  It is further

ORDERED that the debtor is advised that by reason of the receipt of a discharge, she is not personally obligated to pay the amounts stated to be due on any future monthly statements, but that she may elect voluntarily to make such payments if she wishes to avoid a monetary default pursuant to which the creditor could enforce its lien against her motor vehicle.

Dated: January 4, 2006.

[Signed and dated above.]

Copies to: Debtor; Toyota Financial Services, P.O. Box 371339, Pittsburgh, PA 15250-7339; Office of U.S. Trustee.